**Tonkon Torp LLP**
Haley Morrison (SBN 259913)
Email: haley.morrison@tonkon.com
Megan Reuther (SBN 331619)
Email: megan.reuther@tonkon.com
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204
Phone: 503.221.1440
Fax: 503.274.8779

Attorney for Defendant Becton,
Dickinson and Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

KATRINA EISINGER, an individual,

                Plaintiff,

    v.

BECTON DICKINSON AND COMPANY,
a New Jersey corporation; and DOES 1-100,
inclusive

                Defendants.

Case No.  2:20-cv-08068

Los Angeles Superior Court Case No. 20STCV27453

**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT BECTON, DICKINSON AND COMPANY**

      TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF KATRINA EISINGER, AND TO PLAINTIFF'S ATTORNEYS OF RECORD, KEVIN A. LIPELES AND THOMAS H. SCHELLY, AND THE LAW OFFICES OF LIPELES LAW GROUP, APC:

      PLEASE TAKE NOTICE THAT Defendant Becton, Dickinson and Company ("Becton Dickinson" or "Defendant") hereby removes this action from the Superior

Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) and 1446 for the reasons stated below:

1.     On or around July 21, 2020, Plaintiff Katrina Eisinger ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled "*KATRINA EISINGER, an individual, Plaintiff, vs. BECTON DICKINSON AND COMPANY, a New Jersey corporation; and DOES 1-100, inclusive, Defendants.*" The Complaint alleges the following purported causes of action: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation in Violation of Public Policy; (3) Age Discrimination; (4) Disability Discrimination; (5) Race and National Origin Discrimination; (6) Gender Discrimination; (7) Failure to Prevent Discrimination; (8) Harassment Due to Race; (9) Harassment Due to Disability; (10) Harassment Due to Age; (11) Sexual Harassment Based Upon Gender; (12) Failure to Accommodate Physical Disability in Violation of Gov. Code §12940(m); (13) Failure to Engage in a Good Faith Interactive Process in Violation of Gov. Code §12940(n); (14) Negligent Hiring, Supervision, and Retention; and (15) Unfair Competition. A copy of the Complaint is attached as Exhibit "A" to the Declaration of Haley Morrison ("Morrison Decl.") filed with these removal papers. The allegations of the Complaint are incorporated into this notice by reference without necessarily admitting the truth of any of them.

2.     On or about August 4, 2020, Becton Dickinson was served with process in the action. Morrison Decl. ¶ 3. Defendants Does 1 through 100 are unnamed and unknown, and, therefore, have not been served with the Complaint. Morrison Decl. ¶ 4.

3.     On September 2, 2020, Defendants filed its Answer to the Complaint in the Superior Court for the County of Orange. Morrison Decl. ¶ 5, Ex. B.

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT BECTON, DICKINSON AND COMPANY

4.      This notice of removal is being filed within thirty (30) days after receipt by Becton Dickinson of a copy of the initial pleading setting forth the claim for relief upon which this action is based, and is timely filed pursuant to 28 U.S.C. § 1446(b).

5.      In accordance with 28 U.S.C. § 1446(d), Becton Dickinson will, promptly after filing the Notice of Removal, give written notice of the removal to the adverse party and will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of the State of California for the County of Los Angeles. Copies of these Notices are attached as Exhibits C and D, respectively, to the Morrison Decl.  Proof of service of the notice to Superior Court of Removal to Federal Court and of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Superior Court filing is accomplished.  Morrison Decl. ¶ 6.

### REMOVAL IS BASED UPON DIVERSITY JURISDICTION

6.      The Complaint and each alleged cause of action contained therein, properly may be removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.  28 U.S.C. §§ 1332 and 1441(a) and (b).

7.      Plaintiff was and is a citizen of the State of California, County of Los Angeles.  Complaint, ¶ 1.

8.      Becton Dickinson now is, and was at the time this action was commenced, a citizen of the State of New Jersey within the meaning of 28 U.S.C. § 1332(c)(1), because it is now, and was at the time this action was commenced, incorporated under the laws of the State of New Jersey, and its principal place of business was and is in the State of New Jersey.  Declaration of Gary DeFazio, ¶ 3.

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT BECTON, DICKINSON AND COMPANY

9.     The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(b)(1) ("…the citizenship of defendants sued under fictitious names shall be disregarded.").

10.     The amount in controversy in this action exceeds $75,000, as Plaintiff's prayer for relief includes consequential damages of no less than $653,688.60, general damages of no less than $1 million (*e.g.*, Complaint ¶¶ 30-31) and Plaintiff's attorney fees and cost of suit. Plaintiff has not specified a specific sum of alleged damages. Plaintiff's lawsuit against Defendants satisfies the $75,000 threshold amount required for removal based in diversity jurisdiction. See 28 U.S.C. § 1332. This Court therefore has jurisdiction of this lawsuit.

11.     Because Plaintiff and Becton Dickinson are citizens of different states, and because the Court may disregard the citizenship of Doe defendants, there is complete diversity between the parties.  Furthermore, since there is complete diversity and since the amount in controversy threshold is met, the requirements for removal under 28 U.S.C. §§ 1332(a) and 1441(a) are satisfied.  Therefore, the Court has original jurisdiction over the complaint, and each alleged cause of action contained therein, under 28 U.S.C. § 1332.  The complaint may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

WHEREFORE, pursuant to the provisions of Title 28, §§ 1332, 1441, and 1446 of the United States Code, Becton Dickinson removes the above action to this Court.

Dated:  September 3, 2020                         TONKON TORP LLP

                                                         By:   ___/s/ Haley M. Morrison___
                                                                 Haley M. Morrison (SBN 259913)
                                                                 Megan Reuther (SBN 331619)
                                                                 Attorneys for Becton, Dickinson &
                                                                 Company

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT BECTON, DICKINSON AND COMPANY

## PROOF OF SERVICE

On September 3, 2020, I served the foregoing **NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT BECTON, DICKINSON AND COMPANY** on the interested parties in this action as follows:

> Kevin A. Lipeles
> Thomas H. Schelly
> Lipeles Law Group, APC
> 880 Apollo St., Suite 336
> El Segundo, CA  90245
> *kevin@kallaw.com*
> *thomas@kallaw.com*

Attorneys for Plaintiff

by placing a copy of the document in a sealed envelope with the first-class postage thereon fully prepaid, addressed to said party's last-known address and depositing in the U.S. mail at Portland, Oregon and by electronically mailing the document in .pdf format as an e-mail attachment to each addressee for the above-entitled case on the date set forth above.

By: _____*s/ Haley M. Morrison*_____
Haley M. Morrison  (SBN 259913)
Megan Reuther (SBN 331619)
Attorneys for Defendant Becton,
Dickinson and Company

039116\00015\11442141v1

1
PROOF OF SERVICE